10-3-ag
Ciu v. Holder

BIA
A096 266 638
A097 966 295

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of April, two thousand eleven.

PRESENT:
> RALPH K. WINTER,
> BARRINGTON D. PARKER,
> REENA RAGGI,
> > *Circuit Judges.*

_____

KIEN-PENG CIU, SURYANI JUNG,
> *Petitioners,*

v.                                   10-3-ag
                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        Charles Christophe, New York, New York

FOR RESPONDENT:         Tony West, Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Jeffrey R. Meyer, Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Kien-Peng Ciu and Suryani Jung, natives and citizens of Indonesia, seek review of a December 7, 2009, order of the BIA denying their motion to reopen. *In re Kien-Peng Ciu, Suryani Jang*, Nos. A096 266 638, A097 966 295 (B.I.A. Dec. 7, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). There is no dispute that petitioners' June 2009 motion to reopen was untimely because the BIA entered a final administrative order in November 2004. *See* 8 C.F.R. § 1003.2(c)(2). Although petitioners contend that the time and number limitations do not apply to their motion to reopen as it is "based on

changed circumstances arising in the country of nationality" and the evidence they submitted "is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii), their arguments are unavailing.

As an initial matter, there is no indication that the BIA ignored any material evidence petitioners submitted. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (recognizing that the Court has rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner"); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). The BIA did not abuse its discretion in finding that letters from petitioners' family members were not new evidence because the letters primarily discussed events during the 1998 riots and, to the extent the letters refer to other incidents, the statements did not contain dates or any other specific details. 8 C.F.R. § 1003.2(c)(3)(ii). Contrary to petitioners' argument, the

record supports the BIA's determination that, although Muslims in Indonesia have engaged in discrimination and abuse against Christians, petitioners failed to establish that conditions in Indonesia had changed fundamentally since their merits hearing, as required to warrant reopening. *See Xiao Ji Chen*, 471 F.3d at 342 (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ); *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (declining to disturb the agency's finding that there is no pattern or practice of persecution against Chinese Christians in Indonesia).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4